MARIO NICCOLINI, RELATOR, v. ANTHONY UBERTINO, RESPONDENT.

Argued June 7, 1921—Decided November 14, 1921.

1. When the law prescribes the term of a municipal officer it is beyond the power of the governing body of the municipality to appoint for a greater or less term.

2. The act of March, 1920 (*Pamph. L.*, *p.* 42), providing for the extension in office until June 30th, 1921, of assessors whose term expired other than on June 30th, does not apply to a person who has entered into the possession of an office under an invalid appointment.

On *quo warranto*. On demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the relator, *William Perlis.*

For the respondent, *Harlan Besson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relator by this proceeding seeks to have the respondent removed from the office of member of the board of assessors of West Hoboken. The information shows that the relator was appointed by the governing body of that town on January 1st, 1919, for a term of one year, beginning at the date of his appointment; that when his term expired there was an attempt made by the governing body to appoint his successor; that this attempt failed, and that the relator thereupon continued to hold the office until January 1st, 1921; performing the work thereof and receiving the compensation which the office carried; that on the latter date the governing body appointed the incumbent to this office, and that he thereupon entered into the possession of it and has since performed the duties thereof.

In March, 1920, the legislature passed an act entitled "An act concerning terms of assessors" (*Pamph. L., p.* 42), which provides as follows: "When the term of office of any elective or appointive assessor now in office shall terminate other than on the thirtieth day of June of any year following the passage of this act, then and in all such cases such term shall be extended until the thirtieth day of June next following the date when their term would have terminated." The relator averred in his information that this statute is applicable to him; that at the time it was passed he was the legal incumbent of the office of member of the board of assessors of West Hoboken for a term which did not expire normally until January 1st, 1921; and that the effect of this statute was to continue his term until June 30th, 1921. The trouble with this contention is, that the relator was not in fact holding for a term which expired January 1st, 1921. By force of the provision of section 1 of the supplement of 1899 to "An act providing for the formation, establishment and government of towns" (under which the town of West Hoboken was formed

and established), members of boards of assessors appointed by the governing body are required to be appointed "for the period of two years and until their successors are appointed;" and, as was held in *Salter* v. *Burke*, 83 N. J. L. 152, when the law prescribes the term of a municipal officer, it is beyond the power of the governing body of the municipality to appoint for a greater or less term; and an attempt to do so will be entirely nugatory and will not constitute a legal appointment, but will leave an existing vacancy in such office in contemplation of law. To the same effect is *Florey* v. *Lanning*, 90 *Id.* 12. The act of 1920, appealed to by the relator, applies only to an assessor then legally in office—that is, then having a valid title thereto—and not to a person who has entered into the possession of an office under an invalid appointment and has assumed the performance of the duties appertaining thereto. As to third persons and members of the public generally, such an appointee may be considered as a *de facto* officer; but as to the municipality itself, he is a mere intruder into it, subject to be ousted at the pleasure of the governing body thereof.

The respondent is entitled to judgment on the demurrer.